**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **MAGISTRATE NO. 20-636** |
| **MARK HILLIS,** | : | |
| a/k/a "Daddy," | | |
| a/k/a "Denverpolice#666" | : | |

**GOVERNMENT'S MOTION FOR CONTINUANCE PURSUANT TO
TITLE 18, UNITED STATES CODE, SECTION 3161(h)(7)(A)**

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Kathryn Deal, Assistant United States Attorney, moves for a an additional 45-day continuance of the time within which an Indictment or Information must be filed in this case, and in support of this motion states as follows:

1.      On April 23, 2020, a Complaint was filed by the United States Attorney's Office charging defendant Mark Hillis, a/k/a "Daddy," a/k/a "Denverpolice#666," with one count of manufacture of child pornography, attempted manufacture of child pornography, and willfully causing the manufacture of child pornography, in violation of 18 U.S.C. §§ 2251(a), (e), and 2(b).

2.      On April 28, 2020, the defendant was arrested.

3.      The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an Indictment or Information be filed within 30 days from the date on which the defendant was arrested, in this case by May 28, 2020.

4.      On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020,

before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, describing additional guidance from national leaders limiting group gatherings, and stating in part:

> Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

5.      On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020, based on the continued public health emergency. On May 7, 2020, the Honorable Thomas J. Rueter entered an order agreeing with and adopting the findings of the Chief Judge, and determining that the ends of justice were best served by granting a continuance in this matter, and that these reasons outweigh the interests of the public and the defendant in a speedy trial. The Court accordingly, in accordance with Title 18, United States Code, Section 3161(h)(7)(A), ordered that the time in which an Indictment or Information must be filed in this case was continued for a period of 33 additional days, until June 30, 2020.

6.      On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through June 30, 2020.  In explaining his most recent Order, the Chief Judge described the significant threat that COVID-19 continues to pose, the stay-at-home orders in the area that remain in place, and the continuing guidance from the Centers for Disease Control (CDC) that individuals stay home as much as possible, refrain from gathering in

groups, avoid using public transportation, ridesharing, or taxis, refrain from non-essential travel, and maintain at least six feet of physical distance from others outside the home.   The Chief Judge explained that these circumstances continue to significantly impact court operations in this district, including the ability to proceed with grand jury meetings and jury trials. The Chief Judge concluded:

> The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from May 31, 2020, through June 30, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through May 31, 2020. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

7.     As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. Restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury, and, as the Chief Judge stated, limit the ability of defense counsel to meet with clients and otherwise prepare a defense. In this particular case, the government estimates that it requires the continuance requested here in order to complete its investigation and the presentation of evidence to a grand jury.

8.     Counsel for the defendant has represented that the defendant does not take a position on the government's request for this additional 45 day continuance.

WHEREFORE, for the above reasons, it is respectfully submitted that the ends of justice will be served best by the granting of a continuance of an additional 45 days of the time within which to file an Indictment or Information in this case, that is, until August 14, 2020.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*/s/ Kathryn Deal*
KATHRYN DEAL
Assistant United States Attorney

- 4 -

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 20-636 |
| MARK HILLIS,<br>   a/k/a "Daddy,"<br>   a/k/a "Denverpolice#666" | :<br><br>: | |

## O R D E R

AND NOW, this _____ day of _____, 2020, the Court finds as follows:

1.      On April 23, 2020, a Complaint was filed by the United States Attorney's Office charging defendant Mark Hillis, a/k/a "Daddy," a/k/a "Denverpolice#666," with one count of manufacture of child pornography, attempted manufacture of child pornography, and willfully causing the manufacture of child pornography, in violation of 18 U.S.C. §§ 2251(a), (e), and 2(b).

2.      On April 28, 2020, the defendant was arrested.

3.      The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an Indictment or Information be filed within 30 days from the date on which the defendant was arrested, in this case by May 28, 2020.

4.      On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the

availability of jurors. On March 18, 2020, the Chief Judge entered a supplemental Standing Order,

describing additional guidance from national leaders limiting group gatherings, and stating in part:

> Because the developments regarding COVID-19 in this district outlined above and
> in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain
> the continued operation of grand juries, it is ORDERED the deadlines for filing an
> indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in
> every matter in this district. The Court finds the ends of justice served by granting a
> continuance outweigh the best interest of the public and each defendant in a speedy trial.
> The time period of any continuance entered as a result of this Standing Order shall therefore
> be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a
> criminal defendant seeking an exception to this Standing Order for the purpose of
> exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

5.      On April 10, 2020, the Chief Judge issued an additional Standing Order extending

the suspension of grand jury meetings through May 31, 2020, based on the continued public health

emergency. On May 7, 2020, the Honorable Thomas J. Rueter entered an order agreeing with and

adopting the findings of the Chief Judge, and determining that the ends of justice were best served

by granting another continuance in this matter, and that these reasons outweigh the interests of the

public and the defendant in a speedy trial.   The Court accordingly, in accordance with Title 18,

United States Code, Section 3161(h)(7)(A), ordered that the time in which an Indictment or

Information must be filed in this case was continued for a period of 33 additional days, until June

30, 2020.

6.      On May 29, 2020, the Chief Judge issued an additional Standing Order extending

the suspension of grand jury meetings through June 30, 2020.   In explaining his most recent

Order, the Chief Judge described the significant threat that COVID-19 continues to pose, the stay-

at-home orders in the area that remain in place, and the continuing guidance from the Centers for

Disease Control (CDC) that individuals stay home as much as possible, refrain from gathering in

groups, avoid using public transportation, ridesharing, or taxis, refrain from non-essential travel,

and maintain at least six feet of physical distance from others outside the home.   The Chief Judge

explained that these circumstances continue to significantly impact court operations in this district,

including the ability to proceed with grand jury meetings and jury trials. The Chief Judge

concluded:

> The Court finds the ends of justice served by granting a continuance outweigh the best
> interest of the public and each defendant in a speedy trial. Because of the temporary
> unavailability of a grand jury in this district due to ongoing COVID-19 public health
> emergency, it is unreasonable to expect return and filing of an indictment within the period
> specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within
> which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the
> additional period of time from May 31, 2020, through June 30, 2020, shall be excluded
> under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This
> period of exclusion is in addition to the period of exclusion previously granted for the time
> period from March 18, 2020, through May 31, 2020. The Court may extend the period of
> exclusion as circumstances warrant. Any motion by a criminal defendant seeking an
> exception to this Standing Order for the purpose of exercising the defendant's speedy trial
> rights shall be referred to the Chief Judge.

7.      Further, the government advises that restrictions on public movement impede the

ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence

to a grand jury. In this particular case, the government estimates that it requires the continuance

ordered here in order to complete its investigation and the presentation of evidence to a grand jury.

8.      Counsel for the defendant has represented that the defendant takes no position on

the government's request for an additional 45-day continuance.

9.      This Court agrees with and adopts the findings of the Chief Judge, and agrees with

the government's representations regarding the impact of the COVID-19 crisis on this case. The

Court therefore finds that these reasons cause the ends of justice to best be served by granting a

continuance in this matter, and that these reasons outweigh the interests of the public and the

defendant in a speedy trial.

WHEREFORE, in accordance with Title 18, United States Code, Section 3161(h)(7)(A), it is hereby ORDERED that the time in which an Indictment or Information must be filed in the above action is continued for a period of 45 additional days beyond the original 33 day extension, until August 14, 2020.

**BY THE COURT:**


_____
**The Honorable Timothy R. Rice**
**United States Magistrate Judge**

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below

through the Electronic Case Filing (ECF) system:

Angela Halim
Assistant Federal Defender
Federal Community Defender Office for the Eastern District of Pennsylvania
Suite 540 West – The Curtis
601 Walnut Street
Philadelphia, Pennsylvania 19106
Angie_Halim@fd.org


*/s/ Kathryn Deal*
Kathryn Deal
Assistant United States Attorney


Dated:   June 8, 2020.