**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO.  20-236** |
| **MARK HILLIS** | **:** | |
| **a/k/a "Daddy,"** | | |
| **a/k/a "denverpolice#666"** | **:** | |

**ORDER**

AND NOW, this         day of         , 2020, upon consideration of the government's
Motion for Continuance and to Exclude Time Under the Speedy Trial Act, the Court
determines as follows.

On March 13, 2020, the Chief Judge of this Court entered a Standing Order
providing that, as a result of the emergency presented by the coronavirus disease COVID-
19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April
13, 2020, before any district or magistrate judge in any courthouse in the Eastern District
of Pennsylvania were continued pending further Court order. The Chief Judge described
actions of public health authorities to limit the spread of the virus, and further described
the impact of COVID-19 on the availability of jurors. On the basis of these findings, the
Chief Judge explained in the Order that the suspension of trials is required "to protect
public health, reduce the size of public gatherings, and reduce unnecessary travel within
this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through August 31, 2020. On August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court.

Most recently, on November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order.

In explaining his most recent Order, the Chief Judge described the numerous restrictions and advisories issued by state and local officials, which limit the size of gatherings, encourage telework, limit travel, and encourage all Pennsylvanians to leave home only to go to work or school or for essential needs. The Court accordingly found that "it is necessary and appropriate to temporarily reduce the level of on-site activity at

courthouses and Court locations in this district and to postpone certain in-person proceedings, particularly those that require large numbers of people to gather for extended periods of time, in order to protect public health and safety, including the safety of Court personnel and all persons entering courthouses and Court locations in this district."

In each Standing Order, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In the November 25 order, the Court declared:

> In light of the circumstances regarding the COVID-19 outbreak in this district outlined above and in the Court's prior Standing Orders, the Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The worsening conditions with respect to the COVID-19 outbreak in this district and the new restrictions and advisories impede the Court's ability to obtain an adequate complement of trial jurors at this time and impact the ability of Court personnel, counsel, defendants, and other case participants to be present during trial. Given current conditions as well as the large number of people that must be assembled to conduct a jury trial, the Court has determined it is not possible to conduct jury trials safely and in accordance with available public health guidance at this time. In these circumstances, and given the seriousness of the ongoing COVID-19 outbreak in this district, failure to postpone jury trials through January 15, 2021, would be likely to make the continuation of such trials impossible or result in a miscarriage of justice. Accordingly, the additional time period from November 2, 2020, through January 15, 2021, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for all criminal cases impacted by this trial continuance. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 13, 2020, through December 31, 2020. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial is continued under this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

The undersigned fully agrees with and adopts these findings of the Chief Judge.

This Court further finds that, because of the restrictions on public movement and interactions at the present time identified by the Chief Judge, a continuance of the present trial date is required to allow adequate preparation by the parties for pretrial proceedings and for the trial.  For example, the present case involves out of state witnesses, including a child victim, who must travel long distances across state lines to prepare for and attend a trial.  Such interstate travel into Pennsylvania, at this point in the COVID-19 pandemic, requires quarantining and/or specially-timed testing, and poses health risks for the witnesses and those around them.  Thus, in addition to the impracticality of maintaining a January 5, 2021, trial date when the courthouse is not conducting any jury trials on that date, allowing a continuance also specifically helps to ensure the presence, preparation, and safety of trial witnesses.

For all of these reasons, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. This Court accordingly ORDERS that the trial in this matter is continued to March 2, 2021, and further ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay from the entry of this Order until the trial date set here shall be excluded under the Speedy Trial Act.

BY THE COURT:

_____
Honorable Eduardo C. Robreno
United States District Judge

- 4 -

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 20-236** |
| MARK HILLIS<br>a/k/a "Daddy,"<br>a/k/a "denverpolice#666" | :<br><br>: | |

## GOVERNMENT'S MOTION FOR CONTINUANCE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The government moves for a continuance of trial and to exclude, under the Speedy Trial Act, the period of delay during the time period that trials are continued in this district as a result of the coronavirus disease COVID-19.  In support of its motion, the government states as follows:

1.     On August 5, 2020, a federal grand jury returned a fourteen-count indictment charging the defendant with child pornography and child exploitation crimes.

2.     On August 11, 2020, the defendant appeared for his arraignment.

3.     On August 27, 2020, the Court entered the first scheduling order, setting a trial date of October 23, 2020.

4.     On August 14, September 28, September 30, and October 28, 2020, the government provided the defense with discovery, Rule 404(b) material, and other information.

5.      On September 18, 2020, the defendant moved for an extension of deadlines, and the Court granted the motion and entered a second scheduling order on September 23, 2020.  In that Order, the Court set a new trial date for January 5, 2021.

6.      On November 6 and 24, 2020, counsel for the government contacted defendant's counsel via email to address any pre-trial issues, to discuss scheduling, and to inquire about whether the defendant intended to proceed to trial.  Defense counsel did not respond.

7.      On November 20, 2020, the defendant's pre-trial motions were due.  No such motions were filed.

8.      Trial of this matter is currently scheduled to proceed on January 5, 2021, pursuant to the Court's second scheduling Order.

9.      As a practical and factual matter, the current spike in the COVID-19 pandemic impedes the ability to try this case on January 5, 2021, for all of the reasons set forth below:

a.      *First*, this district is not conducting any trials through January 15, 2021, and the clerk's office will not be calling in jurors at least until that date, pursuant to the November 25, 2020 Standing Order from the Chief Judge.

b.      *Second*, the government does not waive its right to a jury trial (and, presumably, neither does the defendant).

c.      *Third*, this case involves out of state witnesses, including a minor victim, who must travel long distances across state lines to prepare for and attend trial.  Such interstate travel requires quarantining periods and/or mandatory,

negative COVID-19 testing at specified times under an Executive Order in the Commonwealth of Pennsylvania. Accordingly, moving the trial date also helps to ensure the presence, preparation, and safety of trial witnesses, and it avoids endangering and burdening a child victim, in the present circumstances, for a trial that cannot practically proceed as currently scheduled.

        d.     *Fourth*, the FDC has been in a type of "lock down" due to an outbreak of COVID-19. The defendant is detained there. Defense counsel has not responded to the government's inquiries regarding her client's trial readiness in light of these circumstances, but the current situation may be affecting those trial preparations, as it is for many defendants incarcerated there at this time.

        10.    As a legal matter, the Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day "clock." § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded when the judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Court may consider in part whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." § 3161(h)(7)(B)(ii).

11.     On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that the suspension of trials is required "to protect public health, reduce the size of public gatherings, and reduce unnecessary travel within this district."

12.     On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through August 31, 2020. On August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court.

- 4 -

13.     Most recently, on November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order.

14.     In explaining his most recent Order, the Chief Judge described the numerous restrictions and advisories issued by state and local officials, which limit the size of gatherings, encourage telework, limit travel, and encourage all Pennsylvanians to leave home only to go to work or school or for essential needs. The Court accordingly found that "it is necessary and appropriate to temporarily reduce the level of on-site activity at courthouses and Court locations in this district and to postpone certain in-person proceedings, particularly those that require large numbers of people to gather for extended periods of time, in order to protect public health and safety, including the safety of Court personnel and all persons entering courthouses and Court locations in this district."

15.     In each Standing Order, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In the November 25 order, the Court declared:

> In light of the circumstances regarding the COVID-19 outbreak in this district outlined above and in the Court's prior Standing Orders, the Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The worsening conditions with respect to the COVID-19 outbreak in this district and the new restrictions and advisories impede the Court's ability to obtain an adequate complement of trial jurors at this time and impact the ability of Court personnel, counsel, defendants, and other case

- 5 -

participants to be present during trial. Given current conditions as well as the large number of people that must be assembled to conduct a jury trial, the Court has determined it is not possible to conduct jury trials safely and in accordance with available public health guidance at this time. In these circumstances, and given the seriousness of the ongoing COVID-19 outbreak in this district, failure to postpone jury trials through January 15, 2021, would be likely to make the continuation of such trials impossible or result in a miscarriage of justice. Accordingly, the additional time period from November 2, 2020, through January 15, 2021, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for all criminal cases impacted by this trial continuance. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 13, 2020, through December 31, 2020. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial is continued under this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

This determination is permitted by law. *See, e.g., Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (excluding time under the ends-of-justice exception based on disruption in the Eastern District of Washington caused by the Mount St. Helens volcanic explosion); *United States v. Correa*, 182 F. Supp. 2d 326 (S.D.N.Y. 2001) (same action in the Southern District of New York based on interruptions in court proceedings and public movement caused by the attack on the World Trade Center).

16.     The present case was not designated by the Chief Judge as one of those few matters that was able to proceed under the test program in effect beginning in September 2020 and concluding on November 25, 2020.

17.     The government respectfully requests that the Court continue the trial of this matter until March 2, 2021. That continuance is required not only because of the present suspension of trials in this district, but also because the restrictions on public movement

and interactions at the present time are limiting and will restrict the ability of the parties to gather evidence, meet with witnesses, and otherwise prepare for trial, as set forth above in more detail above.

18.    The government also respectfully requests that this Court enter a specific order in this case excluding from the speedy trial calculation all delay caused by the suspension of trials in this district and the continuance requested here.

19.    The pertinent statute provides that ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

20.    The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509.

21.    Thus, the Third Circuit has declared that when entering a continuance order, the district court must either state "the factual basis for excluding time under the Act or us[e] language that invokes it." Otherwise, "the delay caused by the continuance is not

- 7 -

excluded and the court cannot exclude the time in hindsight." *United States v. Reese*, 917 F.3d 177, 182 (3d Cir. 2019).

22.     Accordingly, the government respectfully requests that this Court enter a case-specific order finding excludable delay appropriate in this particular case under § 3161(h)(7)(A), based on the sound reasons set forth in the Chief Judge's Standing Orders and in this motion. A proposed Order for this purpose is attached.

23.     Counsel for the government emailed defendant's counsel and asked whether the defendant consents to this motion.  Defendant's counsel responded that she has not had the opportunity to speak with the defendant recently due to COVID-19 at the FDC.


Respectfully yours,

WILLIAM M. McSWAIN
United States Attorney


*/s/ Kathryn Deal*
KATHRYN DEAL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified

below through the Electronic Case Filing (ECF) system:


Angela Halim
Office of the Federal Defender
601 Walnut Street, Suite 540 West,
Philadelphia, PA 19106
Angie_Halim@fd.org


*/s/ Kathryn Deal*
KATHRYN DEAL
Assistant United States Attorney


Dated:  December 4, 2020.