**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NUMBER 20-236** |
| | **:** | |
| | **:** | |
| **MARK HILLIS** | **:** | |

## O R D E R

AND NOW, this            day of                    , 2021, upon consideration of the

Defendant's Motion For a Continuance of Trial, it is hereby **ORDERED** that the motion is

**GRANTED**.   Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice

served by the continuance outweigh the best interest of the public and the defendant in a speedy

trial.

Trial in this matter shall begin on the            day of                    , 2021.

**BY THE COURT:**

_____
**THE HONORABLE EDUARDO C. ROBRENO**
**United States District Court Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NUMBER 20-236** |
| | **:** | |
| | **:** | |
| **MARK HILLIS** | **:** | |

### DEFENDANT'S MOTION FOR A CONTINUANCE OF TRIAL

Mark Hillis, by his counsel undersigned, respectfully requests that the Court continue the trial scheduled to begin on June 28, 2021.[1]   Mr. Hillis respectfully seeks a continuance of at least six months to allow sufficient time to properly resolve his case.   Herein, Mr. Hillis provides the Court with more detail than might typically be included in a motion to continue because the government only consents to a 90-day continuance.   He also includes the additional detail to illustrate that his counsel has been unable to make more progress due to government conduct.

1.      A criminal complaint was filed against Mr. Hillis on April 23, 2020, under Magistrate Court Docket No. 20-636.   Counsel for Mr. Hillis sent a discovery request letter on May 5, 2020 in the hopes that the government would be willing to provide discovery prior to the return of an Indictment.   The government did not provide discovery in the time between the filing of the criminal complaint and obtaining an Indictment.

2.      On August 5, 2020, the grand jury returned an Indictment charging Mr. Hillis with one count of use of interstate commerce facility to entice a minor to engage in sexual

---

[1] Chief Judge Juan R. Sánchez issued the Twelfth Extension of Adjustments to Court Operations Due to the Exigent Circumstances Created by Covid-19 which states, in part, that there will only be limited jury trials through September 7, 2021.   Mr. Hillis's case is not on the list of potential trials between now and September 7, 2021.

conduct in violation of 18 USC § 2422(b); one count of travel with intent to engage in illicit

sexual conduct in violation of 18 USC § 2423(b); nine counts of manufacture and attempted

manufacture of child pornography in violation of 18 USC § 2451(a)(c); two counts of transfer of

obscene material to a minor in violation of 18 USC § 1470; and one count of possession of child

pornography in violation of 18 USC § 2252(a)(4)(B), (b)(1).

3.     On August 11, 2020, Mr. Hillis was arraigned before Magistrate Judge Marilyn

Heffley and entered a plea of not guilty to the instant indictment.   Counsel sent another

discovery request letter to the government on August 7, 2020.

4.     The government sent discovery consisting of approximately 250 pages of

paperwork and three Wawa surveillance videos along with a cover letter on August 14, 2020.

The cover letter advised that the government could not turn over two items as they identify a

minor victim.   The government further advised that "the forensic evidence cannot be reproduced

for discovery because it contains child pornography, but it is available for inspection.   Please

contact me to arrange a mutually convenient time for inspection with the special agent." A copy

of the discovery letter accompanying this production is attached hereto as Exhibit A.   Typically,

in cases involving child pornography charges in this District, the government produces all

materials that do not contain child pornography to defense counsel directly and makes inspection

of child pornography available at a mutually arranged time and place.   However, Mr. Hillis

learned later that government counsel purposely and intentionally withheld producible material

that did not constitute child pornography.   Not all of the "forensic material" referenced in the

government's cover letter was child pornography.

5.     As the Court knows, when Mr. Hillis's undersigned counsel attempted to schedule

a meeting with the government, she was not allowed into their offices.   As such, Mr. Hillis filed a Motion for an Order Directing the Government to Provide Defense Counsel Access to Discovery on September 18, 2020, and the Court heard argument via telephone conference. Your Honor made the courtroom available on September 28, 2020 so that counsel for Mr. Hillis could view child pornography materials.   As of September 28, 2020, counsel only had approximately 250 pages of discovery and was under the impression that the only materials left to view were either child pornography materials or materials identifying a minor victim.

6.      On September 28, 2020, counsel learned for the first time that the government purposely and intentionally withheld all forensic evidence (which included materials that were not child pornography and capable of being produced electronically) from Mr. Hillis and his defense counsel.   Separate and apart from the issue of withholding materials that could have been produced much earlier, defense counsel was still not given meaningful access to any of the forensic materials in the courtroom on September 28th.   An agent had a computer monitor, keyboard and mouse at the government's counsel table.   A monitor mirroring the content on the agent's computer – with no keyboard or mouse – was set up at the defense counsel table. Counsel had to give verbal commands to the agent across the room, in the presence of government counsel and one of her supervisors, to view any materials.   There were thousands of materials contained in numerous folders and subfolders; it is not possible to effectively review that number of items under those conditions.   Counsel asked for tools to navigate the forensic materials herself, but the government refused.

7.      Because there were thousands of items to view, it was impossible for counsel to review even a majority of the materials under the circumstances created by the government.

3

8.      Counsel for Mr. Hillis verbally requested production of all forensic materials that did not constitute child pornography to counsel for the government and a supervisor on September 28, 2020.   Two days later, the government provided a disk containing two additional videos and materials bates stamped 255-405.   On October 29, 2020, the government produced another disk containing materials bates stamped 406-1141.

9.      Mr. Hillis is a vulnerable individual, suffering from mental health disorders and possible brain trauma following an aneurism suffered years ago.   He also has charges pending against him in Montgomery County, Pennsylvania (CP-46-CR-0002219-2020 and CP-46-CR-0002210-2020).   All prosecutions arise from the same alleged conduct.   Mr. Hillis's undersigned counsel has been in frequent contact with his public defender in the Montgomery County case.

10.     Counsel has frequently communicated her desire to speak with a supervisor at the U.S. Attorney's Office to discuss a possible non-trial resolution.   For a variety of reasons, a non-trial resolution for Mr. Hillis's case is more complex than the average.   Counsel has calculated his expected guidelines, and the range is life.

11.     Given his impediments and the unnecessary expenditure of time fighting the government to get access to basic materials that are routinely produced to defense counsel, Mr. Hillis seeks a lengthy continuance to insure all of his interests are protected as he decides how to resolve his case.

12.     Counsel discussed Mr. Hillis's right to a speedy trial with him, and he agreed that a lengthy continuance is necessary and consents and stipulates that the time period between June 28, 2021 and the next trial date be excluded under the Speedy Trial Act, 18 U.S.C. §

4

3161(h)(7)(A).

13.     Counsel for the government advised that it only consents to a 90-day continuance.

**WHEREFORE,** for the foregoing reasons, the defense respectfully requests that this

motion be granted and that Mr. Hillis's trial date be continued approximately six (6) months.

Respectfully submitted,

*/s/ Angela Halim*
ANGELA HALIM
Assistant Federal Defender

# <u>CERTIFICATE OF SERVICE</u>

I, Angela Halim, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served a copy of the Defendant's Motion for a Continuance of Trial by electronic notification upon Kathryn E. Deal, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

*/s/ Angela Halim*
ANGELA HALIM
Assistant Federal Defender

DATE:          June 23, 2021