

*Kathryn Deal*
*Direct Dial: (215) 861-8306*
*Facsimile: (215) 861- 8618*
*E-mail Address:  Kathryn.Deal@usdoj.gov*

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

August 14, 2020

*Via Electronic Mail and Federal Express*

Angela Halim, Esquire
Federal Defender Association
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106

Re:  *United States v. Mark Hillis,* Criminal No. 20-236

Dear Ms. Halim:

I enclose a CD of discovery materials bates labeled 0001-0254, plus three video files of Wawa surveillance footage.  This CD is encrypted with a password that has been provided to you separately via email.  Please contact me immediately if you do not receive the enclosed material.

To the extent that the government has any Brady materials in its possession, those materials have been disclosed in the documents identified above.  The government further acknowledges its continuing obligations to produce Brady material.

Jencks material will be produced three days before trial.

Please be advised that the forensic evidence cannot be reproduced for discovery because it contains child pornography, but it is available for inspection.  Please contact me to arrange a mutually convenient time for inspection with the special agent.

In addition, the government is in possession of the following items that have not been reproduced for discovery because they identify the minor victim:

- Minor #1's video-recorded forensic interview, 12/31/19
- Video of Minor #1 leaving and returning to her house, 12/30/19

The government will make these items available to you for review at a mutually convenient time at the U.S. Attorney's Office.  Please contact me to arrange that review.

To the extent that any discovery material constitutes uncharged crimes, wrongs, or other acts, the government hereby gives notice under Fed. R. Evid. 404(b) and Fed. R. Evid. 414 of its intent to present

EXHIBIT A

Page 2

all child pornography, child erotica, browsing history, obscene images, and evidence of other child molestation, as such evidence is admissible to show the defendant's motive, intent, knowledge, plan, and absence of mistake. If any Rule 404(b) or Rule 414 evidence is received that the government intends to produce at trial, copies will be provided to you upon receipt.

Pursuant to Rule 16(b), the government demands prompt reciprocal production of documents, tangible objects and reports of examinations and tests as defined in that Rule.

The government demands reciprocal disclosure of Jencks materials per Rule 26.2 and United States v. Nobles, 422 U.S. 225 (1975).

Your client is charged with offenses, the times, dates and places of which are detailed in the charging document. Pursuant to Rule 12.1, the government demands prompt written notice of any defense alibi within ten (10) days of the receipt of this demand. This notice should detail the specific place or places at which the defendant claims to have been at the time of the offense and the names and addresses of all witnesses upon whom the defendant intends to rely to establish such an alibi.

Pursuant to Rule 12.2, the government demands prompt written notice of any planned insanity or mental defect defense, and/or expert testimony of the defendant's mental condition.

The government demands prompt notice of any entrapment defense per United States v. Levin, 606 F.2d 47, 49 (3d Cir. 1979).

Components of the Department of Justice, including this Office, periodically post content on social media websites such as Twitter. These social media websites may allow members of the public to post publicly accessible, user-generated comments in response to the Department's postings. This Office does not own these social media websites or control user-generated comments. Nor does this Office regularly moderate, censor, monitor, review, or delete any user-generated comments in the ordinary course. Of course, you may directly access these websites at your convenience in the event you believe they may contain information that is relevant to this case.

If the defendant wishes to discuss a Guilty Plea Agreement, please contact me no later than four weeks prior to trial. After that date, I will be involved in trial preparation and unlikely to be in a position to recommend a third point for acceptance of responsibility or to negotiate a plea agreement. This does not constitute an offer. All such discussions are contingent on the approval of the United States Attorney. Please contact me if you have any questions or concerns.

Sincerely yours,

WILLIAM M. MCSWAIN
United States Attorney

/s/ Kathryn Deal
KATHRYN DEAL
Assistant United States Attorney

Enclosure

EXHIBIT A