IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 20-236 |
| v. : | |
| : | |
| MARK HILLIS, : | |
|     a/k/a "Daddy," | |
|     a/k/a "denverpolice#666" : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A TRIAL CONTINUANCE**

The United States of America, by its undersigned attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Kathryn Deal, Assistant United States Attorney, hereby submits this response to Defendant's Motion for a Trial Continuance. As stated in the defendant's motion, the government has not opposed a trial continuance of up to 90 days. If the district's trial protocols permit, the government respectfully requests a date certain for trial in the fall.

The government submits this response to correct the public docket on the discovery accusations in the defendant's motion. Contrary to those accusations, the government produced complete discovery to the defendant, including Rule 404(b) evidence, by October 28, 2020. In the eight months since discovery was provided in October 2020, the government has reached out to defense counsel approximately 14 times in writing and through voicemail to address any pretrial issues and to address the potential for a resolution. In those eight months, defense counsel has not raised any alleged discovery issue or deficiency with the government. Given that the defendant received all of the discovery requested in this case over eight months ago, defendant's repeated requests for six-month trial continuances cannot be attributed to the government's purported

1

failure to timely produce discovery. Defense counsel's belated claims in that regard are unfounded:

1. On August 5, 2020, the defendant was charged in a 15-count indictment with violating 18 USC §§ 2422(b), 2423(b), 2551(a)(c), 2252(a)(4)(B), 1470, and 2(b). As charged in the indictment, the defendant is a child predator, who sent voluminous pornographic images and videos to his minor victim, induced his minor victim on a near-daily basis to produce and send him pornographic depictions of the minor victim, and travelled across state lines to engage in sexual intercourse with the 13-year old, minor victim.

2. Within ten days of indictment, the government produced initial discovery. Pursuant to court order, the government met with defense counsel in person on September 28, 2020, to permit her to review all forensic evidence, including the extensive child pornography that defendant is responsible for producing of the child victim in this case.

3. On September 30, 2020, the government made a second production of discovery, pursuant to a protective order, that included forensic evidence that had already been made available to the defendant's counsel on September 28, 2020. For example, at defense counsel's request, the government produced specially prepared versions of hundreds of pages of texts and chats between the defendant and the minor victim, with all of the embedded pornography and child pornography extracted. Those same communications had been made available to defense counsel in unredacted form on September 28, 2020, and were specially produced a second time in redacted form. Contrary to defense counsel's representations, the government rarely engages in that kind of special redaction process to reproduce/redact/edit original evidence, especially where the materials involved are so voluminous. Nevertheless, that accommodation was made here, eight months ago.

4. On October 28, 2020, the government sent defendant's counsel hundreds of pages of Rule 404(b) materials.

5. Since completing discovery, the government has reached out to defense counsel by email and voicemail more than a dozen times to discuss, among other things, possible resolution of this case, the potential to address any pre-trial issues, and trial continuances.

6. At no time in the intervening eight months since the government produced discovery, did defense counsel make any discovery motion or request to view any pornographic materials again. Despite the numerous times the government reached out to defense counsel during that same period, at no time did defense counsel raise any discovery concerns. Discovery was completed by October 2020 and the child pornography materials have been and are available for defense counsel to view again at a mutually convenient time and place, if defense counsel wishes. The government met its discovery obligations many months ago.

7. On February 17, 2021, the defendant previously requested a six-month trial continuance, but did not raise any discovery concerns. The government did not oppose the request for a continuance, and agreed to a continuance of an additional 60 days.

8. The government has not opposed an additional continuance for an additional 90 days. The government respectfully requests that the trial be scheduled on a date certain following this continuance, if courthouse protocols will permit that.

    Respectfully submitted:

    JENNIFER ARBITTIER WILLIAMS
    United States Attorney


    */s/ Kathryn Deal*
    KATHRYN DEAL
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on June 23, 2021, I caused the foregoing Government's Response to Defendant's Motion for a Trial Continuance to be served on all counsel of record by electronic mail.

>_/s/ Kathryn Deal_
Kathryn Deal
Assistant United States Attorney

Dated: June 23, 2020.